IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD MICHAEL TREVINO, | § | |
| TDCJ #1319086, | § | |
| | § | |
| Petitioner, | § | |
| vs. | § | CIVIL ACTION H-10-0571 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent.[1] | § | |

## **MEMORANDUM AND ORDER**

The petitioner, Richard Michael Trevino (TDCJ #1319086), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Trevino has filed a petition under 28 U.S.C. § 2254, seeking habeas corpus relief from a prison disciplinary conviction. He has included a memorandum of law in support of his petition. After reviewing all of the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

---

[1] The petition names Warden Carter as the respondent. Because Trevino is in custody of the Texas Department of Criminal Justice - Correctional Institutions Division, the Court substitutes his Director Rick Thaler as the proper respondent pursuant to Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts.

**I.     BACKGROUND**

According to the pleadings, Trevino is presently incarcerated in the TDCJ Estelle High Security Unit in Huntsville. Public records reflect that Trevino has several prior felony convictions, including those for aggravated kidnapping, possession of a firearm by a felon, possession of cocaine, and theft. *See* Texas Department of Criminal Justice, Offender Information Detail, www.tdcj.state.tx.us (last visited February 24, 2010). Trevino does not challenge any of his underlying convictions here. Instead, he seeks relief from a prison disciplinary conviction entered against him at the Estelle Unit, where he is currently assigned.

Trevino reports that he was charged with violating prison disciplinary rules in case #2010073658 by attempting to escape. A disciplinary hearing officer found Trevino guilty as charged. As a result, Trevino lost 365 days of previously earned good-time credit. He also lost 45 days of commissary privileges and he was reduced in classification status from L-1 to L-3. Trevino filed a step 1 and step 2 grievance to challenge his disciplinary conviction, but his appeal was unsuccessful.

Trevino now seeks a federal writ of habeas corpus to challenge his disciplinary conviction. In several related claims, Trevino contends that prison officials violated his right to due process and that he was also denied the right to effective assistance of counsel in connection with this disciplinary proceeding. Notwithstanding the arguments made in the petition, the Court finds that Trevino is not entitled to federal habeas corpus relief as a matter of law for reasons discussed below.

## II.  DISCUSSION

Trevino seeks habeas corpus relief in federal court from a disciplinary conviction imposed against him in state prison. The federal writ of habeas corpus is an extraordinary remedy, which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness"). Thus, to prevail on his request for federal habeas corpus relief the petitioner must establish a constitutional violation. Trevino's claims are addressed below to determine whether he makes the requisite showing.

### A.  Ineffective Assistance of Counsel

Trevino claims that he was denied his right to effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. The Supreme Court has recognized that the Sixth Amendment guarantees criminal defendants the right to have the assistance of counsel at trial. *See Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). It is well established, however, that claims for ineffective assistance of counsel are dependent upon the right to counsel. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) (per curiam) (holding that absent a constitutional right to counsel, there can be no deprivation of the right to effective assistance of counsel); *United States v. Palomo*, 80 F.3d 138, 141 n.5 (5th Cir. 1996) (citations omitted) (same). Inmates have no right to retained or appointed counsel at prison disciplinary proceedings. *See Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976).

Because Trevino had no right to counsel at his disciplinary proceeding, his ineffective-assistance claim fails as a matter of law.

### B.     Due Process

Trevino's remaining claims, which take issue with the evidentiary sufficiency of his conviction, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause *only* when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). Liberty interests emanate from either the Due Process Clause itself or from state law. *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).

Trevino appears to claim that the sanctions imposed as the result of his disciplinary conviction have adversely affected his eligibility for early release. The Due Process Clause does not include a right to conditional release before the expiration of a valid sentence. *See Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Nevertheless, the Supreme Court has decided that state-created substantive interests which "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Sandin*, 515 U.S. at 487. *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995).

In Texas, only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release.[2] *See Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996); *see also Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007) (addressing the mandatory supervision scheme in place before and after September 1, 1996). Texas inmates who are eligible for mandatory supervision have a protected liberty interest in the good-time credits that they have earned. *See Malchi*, 211 F.3d at 956. Therefore, when sanctions are imposed for disciplinary violations, Texas prison officials cannot forfeit good-time credits without due process from inmates who are eligible for mandatory supervision. *See id.*

Trevino concedes in his petition that he is not eligible for mandatory supervision.[3] [Doc. # 1, *Petition*, ¶ 16]. Thus, although Trevino lost 365 days of good-time credit as the

---

[2] There are two ways in which a state prisoner becomes eligible for early release from confinement in Texas. The first is by "parole" and the second is by release on "mandatory supervision." *See* TEX. GOV'T CODE § 508.001(5)-(6) (Vernon 2004). Whereas parole is wholly discretionary, an inmate's release to mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." *Id.* at § 508.147(a); *Jackson v. Johnson*, 475 F.3d 261, 263, n.1 (5th Cir. 2007).

[3] Texas law provides that good-time credits apply only to eligibility for release on parole or mandatory supervision and do not affect the length of an inmate's sentence. *See* TEX. GOV'T CODE ANN. § 498.003; *Ex parte Montgomery*, 894 S.W.2d 324, 328 (Tex. Crim. App. 1995). Because the petitioner is not eligible for mandatory supervision, any good-time credits he has earned apply only toward his eligibility for parole. To the extent that the petitioner complains that the disciplinary conviction adversely affected his eligibility for parole, this allegation does not state a claim because there is no protected liberty interest in obtaining parole in Texas. *See Madison v. Parker*, 104 765, 768-69 (5th Cir. 1997); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Gilbertson v. Texas Bd. of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993).

5

result of his disciplinary conviction, he has no protected liberty interest in such loss and no valid due process claim in connection with that sanction. *Malchi*, 211 F.3d at 957-58.

Likewise, the other sanctions imposed against Trevino (the loss of commissary privileges and the reduction in classification status) do not implicate the Due Process Clause. According to well-settled precedent, sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Limitations imposed upon commissary or recreational privileges, and a cell restriction or solitary confinement on a temporary basis, are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See id*. The Fifth Circuit has also decided that reductions in a prisoner's class status and the potential impact on good-time credit earning ability are not protected by the Due Process Clause. *See Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Because the sanctions at issue do not implicate a protected liberty interest, Trevino is not entitled to habeas corpus relief under the Due Process Clause.

In summary, because the sanctions assessed against Trevino do not implicate a protected liberty interest, he fails to establish the requisite constitutional violation as a matter of law. Absent an allegation that the petitioner has been deprived of some right secured to him by the United States Constitution or laws of the United States, federal habeas corpus relief is not available. *See Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985). It follows that Trevino is not entitled to relief and that his petition must be dismissed.

### III.     CERTIFICATE OF APPEALABILITY

The federal habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253.  Therefore, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336.  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would

find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that jurists of reason would not debate whether the petitioner has stated a valid claim or whether any procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue in this case.

### IV.    CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The petition for a federal writ of habeas corpus is **DENIED**, and this case is **DISMISSED** with prejudice.

2. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on February 25th, 2010.

_____
Nancy F. Atlas
United States District Judge